**Samuel Knight, George Moser and James LaMar, Com-
missioners, et al., Appellants, v. Partridge Drain-
age District No. One et al., Appellees.**

1. ROADS AND BRIDGES, § 154*—*when corporate authorities of
road crossing drainage ditch required to rebuild bridge.* Hurd's
Rev. St., ch. 42, sec. 55 (J. & A. ¶ 4436), requiring that the cor-
porate authorities of a road or railroad crossing a ditch or drain
constructed by drainage commissioners along a natural depression,
channel or water course in a levee district to construct bridges,
culverts and other works crossing such ditch or drain at their
own expense, *held* applicable to the reconstruction of bridges on a
public highway, which bridges were removed by drainage com-
missioners in the construction of a ditch along a natural water
course in a levee district.

2. ROADS AND BRIDGES, § 154*—*constitutionality of statute relat-
ing to construction of bridges over drains and ditches in levee dis-
trict.* Hurd's Rev. St., ch. 42, sec. 55 (J. & A. ¶ 4436), relating to
the construction, repair and replacement of bridges, culverts and

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

Knight et al. v. Partridge Drainage Dist. No. One, 197 Ill. App. 96.

other works across ditches and drains along the line of a natural depression, channel or water course in a levee district is constitutional.

3. ROADS AND BRIDGES, § 154*—*what distinction made by statutes relating to bridges over drains and ditches as to liability for construction of bridges.* The statute relating to bridges over ditches and drains constructed by drainage districts make a distinction between bridges in farm districts and in levee districts, the drainage district being required by Hurd's Rev. St., ch. 42, secs. 40 and 40½ (J. & A. ¶¶ 4516, 4517) to construct such bridges in farm districts whether the route of the ditch or drain be natural or artificial, while section 55 (J. & A. ¶ 4436) of the same chapter requires that bridges crossing such a ditch or drain constructed along the line of a natural depression, channel or water course in a levee district be constructed at the expense of the corporate authorities of the road or railroad crossing such ditch or drain.

4. ROADS AND BRIDGES, § 154*—*how statute requiring townships to build bridges over artificial drainage ditches unconstitutional.* That portion of Hurd's Rev. St., ch. 42, sec. 40½ (J. & A. ¶ 4517), allowing a drainage district to sue townships for the cost of bridges constructed by such district over ditches or drains constructed by them in farm districts as required by section 40 of the same chapter (J. & A. ¶ 4516) is unconstitutional in so far as such statute attempts to impose on townships the duty of building bridges over artificial drainage ditches.

5. MANDAMUS, § 65*—*when demurrer to petition to compel commissioners of drainage district to replace bridge over drainage ditch properly sustained.* In a petition for mandamus to compel the commissioners of a drainage district to replace bridges on a highway, which bridge was removed by respondents in constructing a drainage ditch along the line of a natural water course in a levee district, where petitioners were highway commissioners of the township in which the bridges were removed, a demurrer to the petition *held* properly sustained, and the petition properly dismissed.

Appeal from the Circuit Court of White county; the Hon. E. E. NEWLIN, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 1, 1915.

JAMES M. ENDICOTT, for appellants; JOE A. PEARCE, of counsel.

CONGER, PEARCE & CONGER, for appellees.

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.

98    APPELLATE COURTS OF ILLINOIS.

Knight et al. v. Partridge Drainage Dist. No. One, 197 Ill. App. 96.

MR. JUSTICE BOGGS delivered the opinion of the court.

This was an action brought by the Commissioners of Highways of the Town of Phillips, White County, Illinois, and the Town of Phillips, County of White, State of Illinois, against Partridge Drainage District No. One, White County, Illinois, and Solomon R. Hall, Henry Rodenberg and Sherman McMurtry, Commissioners of Partridge Drainage District, asking for a writ of mandamus to compel the said commissioners of the drainage district to build and maintain certain bridges on the public highway across the drainage ditch constructed by them, these bridges having been torn out by said commissioners in the construction of said ditch in and along a certain natural water course known as ''Brown Branch.''

Appellants take the position by their petition that a levee drainage district should be compelled to build the bridges over its drains crossing public highways in natural water courses, while appellees by their demurrer deny this proposition, and this is the sole question raised here on the record.

The third proviso to section 55 of chapter 42 of Hurd's Revised Statutes known as the Levee Act (J. & A. ¶ 4436) is as follows: ''The sum assessed against either of said corporations (railroad or township) shall not include the expenses of constructing, erecting or repairing any bridge, embankment or grade, culvert or other work of the roads of such corporations, crossing any ditch or drain, constructed on the line of any natural depression, channel or water course; but the corporate authorities of such road or railroad are hereby required, at their own expense, to construct such bridge, culvert or other work, or to replace any bridge or culvert temporarily removed by the commissioners in doing the work of such district. Full power and authority is hereby given the drainage commissioners to remove such bridges or culverts for the purposes aforesaid, if they, in their judgment find it necessary.''

This provision, if constitutional, it would seem would be applicable to this case, and its effect, if given its ordinary meaning, would be against the contention of appellants.

Appellants' petition shows that the drain in question crosses the highway on the line of a natural water course, and we can see no valid reason why the provisions of section 55 should not operate.

The provisions of section 55 were under consideration in the case of *Heffner v. Cass and Morgan Counties,* 193 Ill., page 439, and in that case it was held that said act was constitutional and that it applied to public corporations having control of public highways.

In the *Heffner* case, *supra,* the provisions of said section 55, and especially the last provision thereof, being the one above referred to, were fully discussed by the Supreme Court, and the effect to be given to said section was pretty clearly laid down.

The distinction between bridges in farm and levee districts must be carefully maintained. In farm districts, sections 40 and 40½ (J. & A. ¶¶ 4516, 4517) require the drainage district to build the bridges in all cases, whether the route be natural or artificial, and then allow such drainage district to sue the townships for the costs of such bridges and make necessary a levy of taxes to pay the same; while the Levee Act provides that the commissioners may remove bridges across the drains of the district where it crosses a highway on the line of any natural depression, channel or water course, and provides that the corporate authorities of such road shall rebuild the bridge made necessary thereby.

The Supreme Court has held this method in the Farm Drainage Act unconstitutional and has further held that the Legislature cannot constitutionally place the duty of building bridges over artificial drainage ditches on the township.

When the authorities cited by counsel for appellants are carefully examined, they will be seen to be not in

100     APPELLATE COURTS OF ILLINOIS.

Knight et al. v. Partridge Drainage Dist. No. One, 197 Ill. App. 96.

conflict with the proviso of section 55 of the Levee Act.

Counsel for appellants cite and rely on the cases of *Highway Commissioners v. Drainage Commissioners,* 246 Ill., page 388, and *People v. Fenton & T. R. Co.,* 252 Ill., page 372. In the case of *Highway Commissioners v. Drainage Commissioners, supra,* it was held that the duty rested on the drainage commissioners to build the bridges on highways across their drainage ditches irrespective of whether it was an artificial or a natural ditch. This case arose under the Farm Drainage Act and construes sections 40, 40½ and 41 (J. & A. ¶¶ 4516-4518) thereof, which requires the drainage district to build the bridges and then sue the highway commissioners for the same, and of course under such circumstances both in justice and under the very terms of the Farm Drainage Statute the duty rested on the drainage commissioners to build the bridges in the first place. It is further to be distinguished from the case at bar in that it is not a case of original construction but is a case where the district had theretofore been established, and the highway commissioners had built the bridge and afterwards the drainage district sought to enlarge the bridge, and this distinction is made clear on page 393 of the opinion.

In the case of *People v. Fenton & T. R. Co., supra,* while some language is used by the Supreme Court which may seem to support the contention of appellants, still a careful reading of this case will disclose that the drainage ditch in question was not in the natural course of the stream, but was a new ditch, and the court in that case recognized the distinction between a natural and artificial ditch as applied to the duty of drainage commissioners in reference to the bridges over the same.

Appellants also contend that because the enlarging of the natural ditch by the drainage district across the highways in question would involve the necessity of building larger bridges, that therefore the ditch should

be held to be an artificial one, and that the drainage district would therefore be liable to construct the bridge. This, however, is not a new question but was directly involved in the case of *Heffner v. Cass and Morgan Counties, supra,* and the holding of the Supreme Court in that case after carefully considering this question was against the contention of appellants.

The provision of section 55 of the Levee Act as construed by our Supreme Court, we think, is squarely against the contention of appellants, and we are, there-fore, of the opinion that the Circuit Court was right in sustaining the demurrer to appellants' petition for a writ of mandamus and in dismissing said petition, and the judgment of said court is hereby affirmed.

*Affirmed.*